IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURLEY JOHN BROUSSARD, JR.,

    Plaintiff,     No. 2:13-cv-0499 KJM DAD P

  vs.

MATTHEW CATE, et al.,

    Defendants.     <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This action was transferred to this court from the United States District Court for the Northern District of California by order filed March 12, 2013 (ECF No. 7). It has been referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

/////

pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff filed his original complaint on February 4, 2013. (ECF No. 4.) On February 7, 2013 and April 12, 2013, plaintiff filed motions to amend the complaint. (ECF Nos. 5 and 14.) On April 22, 2013, plaintiff filed a proposed first amended complaint (FAC). (ECF No. 16.) Where, as here, the original complaint has not yet been served, plaintiff is entitled to amend his complaint once as of right. See Fed. R. Civ. P. 15(a). Accordingly, plaintiff's motions to amend will be denied as unnecessary and the court will screen the first amended complaint.

Plaintiff's amended complaint contains four discrete sets of allegations. The first two sets of allegations concern, respectively, a criminal conviction suffered by plaintiff in Los Angeles County in 1983 and in Kings County in 2009. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486. Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. Id. If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated. The allegations of plaintiff's first amended complaint implicate the validity of both of these state court convictions, neither of which have been invalidated. For this reason, plaintiff may not proceed with either set of claims in this action, and plaintiff should not include these allegations in any second amended complaint he may elect to file in this action. Plaintiff is cautioned that failure to comply with this order may result in a recommendation that this action be dismissed without prejudice.

3

1          The third set of allegations are against a correctional officer at California State
2  Prison-Corcoran regarding events which allegedly occurred on August 3, 2012, see FAC at 11-
3  12, and the fourth set of allegations are against a correctional officer at High Desert State Prison
4  (High Desert).  (FAC at 12.)  Both of these sets of allegations are so vague and conclusory that
5  the Court is unable to determine whether the current action is frivolous or fails to state a claim
6  for relief with respect to these claims.  As to these two sets of claims, the court has determined
7  that the first amended complaint does not contain a short and plain statement as required by Fed.
8  R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must
9  give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community
10 Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some
11 degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.
12 Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the first
13 amended complaint must be dismissed.  The court will, however, grant leave to file a second
14 amended complaint.

15          If plaintiff chooses to amend the complaint, he must allege facts demonstrating
16 how the conditions complained of have resulted in a deprivation of his constitutional rights.  See
17 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
18 how each named defendant is involved in the alleged violations.  There can be no liability under
19 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's
20 actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto,
21 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
22 Furthermore, vague and conclusory allegations of official participation in civil rights violations
23 are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Finally, the
24 court notes that claims that arise at California State Prison-Corcoran should generally be brought
25 in actions filed in the Fresno Division of this Court.  If the allegations of any second amended
26 /////

complaint plaintiff elects to file reflect that the two sets of claims are unrelated, the court may require plaintiff to file separate actions in each division of this Court.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that a second amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, a second amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in prior complaints, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's February 7, 2013 and April 12, 2013 motions to amend (ECF Nos. 5 and 14) are denied as unnecessary.

4. Plaintiff's first amended complaint is dismissed.

5. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint;

/////

1  failure to file a second amended complaint in accordance with this order will result in a
2  recommendation that this action be dismissed.
3  DATED: July 24, 2013.

                          _____
                          DALE A. DROZD
                          UNITED STATES MAGISTRATE JUDGE

DAD:12
brou13cv0499.14