IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURLEY JOHN BROUSSARD, JR.,

    Plaintiff,                    No. 2:13-cv-0499 KJM DAD P

    vs.

MATTHEW CATE, et al.,          ORDER AND

    Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This action was transferred to this court from the United States District Court for the Northern District of California by order filed March 12, 2013 (ECF No. 7). It has been referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). By order filed July 26, 2013, plaintiff's first amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed a second amended complaint.[1]

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

---

[1] Plaintiff's second amended complaint is accompanied by a motion to amend the complaint (ECF No. 21). The court granted plaintiff leave to file a second amended complaint in the July 26, 2013 order. Plaintiff's motion to amend is unnecessary and will therefore be denied.

1

1  § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

2  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

3  granted, or that seek monetary relief from a defendant who is immune from such relief. 28

4  U.S.C. § 1915A(b)(1),(2).

5        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

6  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

7  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

8  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

9  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

10  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

11  Cir. 1989); Franklin, 745 F.2d at 1227.

12        A complaint, or portion thereof, should only be dismissed for failure to state a

13  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

14  of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &

15  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

16  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a

17  complaint under this standard, the court must accept as true the allegations of the complaint in

18  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

19  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

20  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21        Plaintiff filed an amended complaint as of right on April 22, 2013 (FAC) (ECF

22  No. 16). The amended complaint contained four discrete sets of allegations. The first two sets of

23  allegations concerned, respectively, a criminal conviction suffered by plaintiff in Los Angeles

24  County in 1983 and a criminal conviction in Kings County in 2009, while the third set of

25  allegations were against a correctional officer at California State Prison-Corcoran (Corcoran)

26  regarding events which allegedly occurred on August 3, 2012, (see FAC (ECF No. 16) at 11-12),

and the fourth set of allegations were against a correctional officer at High Desert State Prison (High Desert) (FAC (ECF No. 16) at 12).

In the July 26, 2013 order, this court advised plaintiff that, pursuant to the rule announced Heck v. Humphrey, 512 U.S. 477 (1994), he could not proceed with either set of claims challenging the two criminal convictions and he was cautioned that failure to comply with that order might result in a recommendation that this action be dismissed without prejudice. (Order filed July 26, 2013 (ECF No. 20) at 3.) The court further found that plaintiff's third and fourth sets of allegations were so vague and conclusory that the it was unable to determine whether the current action is frivolous or fails to state a claim for relief with respect to these claims. (FAC (ECF No. 16) at 4.) The court granted plaintiff leave to amend as to those claims, and advised plaintiff claims that arise at California State Prison-Corcoran should generally be brought in actions filed in the Fresno Division of this Court and that plaintiff might be required to file a separate action in that division if the claims that arose at Corcoran were unrelated to those that arose at High Desert. (FAC (ECF No. 16) at 4-5).

Plaintiff's second amended complaint contains only the challenges to his Los Angeles criminal conviction and his Kings County criminal conviction. He now seeks only declaratory and injunctive relief. (See Second Am. Compl. filed Aug. 26, 2013 (ECF No. 24) at 29-32.) Plaintiff may not challenge either of his criminal convictions in this civil rights action. See Preiser v. Rodriguez, 411 U.S. 475, 488-89 (1973). His exclusive remedy to challenge either criminal conviction is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See id. Court records reflect that plaintiff is currently proceeding with a challenge to the Kings County conviction in a habeas corpus action filed in the Fresno Division of this court, Case No. 1:12-cv-1040 LJO MJS P.[2] Even assuming arguendo the applicable statute of limitations did not bar plaintiff from seeking federal habeas corpus relief with respect to his Los Angeles County

---

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  conviction, which he suffered in 1983, such an action should be filed, if at all, in the United
2  States District Court for the Central District of California.

3         For the foregoing reasons, this court finds that plaintiff has failed to raise a
4  cognizable civil rights claim in his second amended complaint filed with this court and it does
5  not appear that the defects can be cured by amendment in this § 1983 action.  See California
6  Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid
7  reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.");
8  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)
9  (holding that, while leave to amend shall be freely given, the court does not have to allow futile
10 amendments).  Plaintiff's exclusive remedy for the claims raised in his second amended
11 complaint is available only, if at all, by petitions for writ of habeas corpus pursuant to 28 U.S.C.
12 § 2254.  Accordingly, this action should be dismissed without prejudice.

13        In accordance with the above, IT IS HEREBY ORDERED that plaintiff's August
14 26, 2013 motion to amend (ECF No. 21) is denied as unnecessary; and

15        IT IS HEREBY RECOMMENDED that this action be dismissed without
16 prejudice.

17        These findings and recommendations are submitted to the United States District
18 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
19 days after being served with these findings and recommendations, plaintiff may file written
20 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
21 Findings and Recommendations."  Any response to the objections shall be filed and served
22 within fourteen days after service to the objections.  Plaintiff is advised that failure to file
23 /////
24 /////
25 /////
26 /////

1  objections within the specified time may waive the right to appeal the District Court's order.

2  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: August 28, 2013.

```
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE
```

DAD:12
brou13cv0499.56