UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURLEY JOHN BROUSSARD, JR., | No. 2:13-cv-0499 KJM DAD P |
| Plaintiff, | |
| v. | ORDER |
| MATTHEW CATE, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se with a civil rights action, has moved the court for an order granting him leave to file a third amended complaint. He has also requested appointment of counsel.

    On August 29, 2013, the court screened plaintiff's second amended complaint and concluded that plaintiff could obtain the relief he sought, if any, only through a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Findings and Recommendations (Doc. 25) at 4.) Accordingly, the undersigned recommended that this civil rights action be dismissed without prejudice. Those findings and recommendations remain pending before the assigned District Judge.

    Plaintiff's proposed third amended complaint continues to challenge his criminal convictions suffered in state court and does not alter the undersigned previous assessment that

/////

1

plaintiff's claims sound only in a habeas action. Therefore plaintiff's motion seeking leave to file a third amended complaint will be denied.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a third amended complaint (Doc. 27) is denied.

2. Plaintiff's motion for the appointment of counsel (Doc. 30) is denied.

Dated: September 20, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
brou0499.31